**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRCEA IRIANU, | No. 07-74978 |
| Petitioner, | Agency No. A073-573-170 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Mircea Irianu, a native and citizen of Romania, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the significant omission from Irianu's supplemental declaration that he was beaten during weekly interrogations by the police, *see Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010), and based on the discrepancies between Irianu's testimony and his statements to the asylum officer regarding the reason for the 1994 demonstration and arrest, which go to the heart of his claim, *see Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004). In the absence of credible testimony, Irianu's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because Irianu's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to Romania, his CAT claim also fails. *Id.* at 1156-57. Irianu's contention that the BIA and IJ failed to adequately address his CAT claim is belied by the record.

07-74978

Finally, Irianu's due process contention fails because the IJ did not err in admitting the asylum officer's notes and assessment to refer because they contained sufficient indicia of reliability.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2006) (petitioner must show error and prejudice to establish a due process violation); *cf. Singh v. Gonzales*, 403 F.3d 1081, 1089-90 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**